# EXHIBIT D

**pennsylvania**
LIQUOR CONTROL BOARD

October 17, 2024

BEST BEER INC
6603 CHEW AVENUE
PHILADELPHIA PA 19119-2002

                RE:  License No. E-4684
                     LID No. 60937
                     Case No. 2024-60937

Dear Licensee:

      This is to advise that a preliminary review of your history of operation and/or citation record may indicate abuse of the licensing privilege. As such, a hearing shall be held to determine whether the following objections constitute activity warranting non-renewal of your license for the license period effective November 1, 2024.

    1.    It is alleged that you did not operate as a bona fide eating place retail dispenser pursuant to section 102 of the Liquor Code (47 P.S. § 1-102) in that you failed to have sufficient seating and the correct square footage which resulted in a suspension of your license on January 19, 2022.

    2.    The following officer(s) is not a responsible person of good repute and/or has become a person of ill repute, pursuant to Sections 102 and 470 of the Liquor Code (47 P.S. §§ 1-102 and 4-470)

                Maily Lai  -  President, Secretary, Treasurer, Director, Shareholder and Manager

    3.    Based on Maily Lai, President, Secretary, Treasurer, Director and Shareholder, involvement in Eating Place Retail Dispenser License No. E-4684 (LID 65229) Sky Beer Deli Inc., it is alleged he has abused his licensing privilege, and pursuant to Section 470 of the Liquor Code (47 P.S. § 4-470), he may no longer be eligible to hold a license based upon violations of the Liquor Code relative to Citation Numbers: 17-0134 and 14-2532.

      Any of the above-stated reasons is sufficient in and of itself to warrant non-renewal of your license.

      You will be contacted at a later date concerning the scheduling of a hearing. For your information, see Section 464 of the Pennsylvania Liquor Code (47 P.S. § 4-464) and Section 3.41 of the Board's Regulations (40 Pa. Code § 3.41) pertaining to hearings.

      **If you intend to be represented by counsel, you should take this notice to your attorney immediately.** Continuance requests to obtain counsel may not be granted.

---

LTRNBR3 02/24

BEST BEER INC                                          October 17, 2024

      In the interim, the license sent to you via separate e-mail shall act as your temporary authority to operate. The temporary authority begins November 1, 2024, and will continue during the administrative hearing process.

      Your license fees submitted with the application will be processed following conclusion of this case. Failure to submit appropriate license fees to the Board shall constitute further objection to the renewal of your license.

                                      Sincerely,

                                        *Andrew Stuffick*

                                        Andrew Stuffick, Director
                                        Bureau of Licensing

                               Refer to: Bureau of Licensing
                                     ra-lbnuisance@pa.gov
                               Hours: 7:30 A.M. - 4:00 P.M.

Mailing Date: AUG 0 6 2024

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ADMINISTRATIVE LAW JUDGE
FOR
PENNSYLVANIA LIQUOR CONTROL BOARD

| | |
|---|---|
| PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT | IN RE Citation No.: 22-0189 |
| | Incident No.: PA 2022-96513 |
| v. | |
| | PLCB LID No.: 60937 |
| BEST BEER INC<br>6603 CHEW AVE<br>PHILADELPHIA PA 19119-2002 | PLCB License No.: E-SS-4684 |
| PHILADELPHIA COUNTY | |

AS THE ATTORNEY OF RECORD, THIS ADJUDICATION IS BEING MAILED TO YOU. IT IS YOUR RESPONSIBILITY TO FORWARD THE ENCLOSED COPY TO YOUR CLIENT.

**BEFORE**: JUDGE RICHARD O'NEILL EARLEY

**APPEARANCES:**
**BLCE COUNSEL:** ERIK S. SHMUKLER, ESQ.
**LICENSEE COUNSEL:** JOHN J. MCCREESH III, ESQ.

**ADJUDICATION**

BACKGROUND:

This proceeding arises out of a citation that was issued on February 22, 2022, by the Bureau of Liquor Control Enforcement of the Pennsylvania State Police (Bureau) against Best Beer, Inc., License Number E-SS-4684 (Licensee).

The citation charges Licensee with violation of the Liquor Code at 47 P.S. §1-102, alleging that on January 19, 2022, Licensee's licensed premises did not meet the requirements for an eating place license in that Licensee did not have a total area of 300 square feet available to the public in one or more rooms.

An administrative hearing was conducted on Thursday, June 6, 2024, at 1:30 p.m., via Microsoft Teams. The Bureau was represented by Erik S. Shmukler, Esquire. Licensee was represented by John J. McCreesh III, Esq.

I make the following Findings of Fact and reach the following Conclusions of Law:

BEST BEER INC
IN RE CITATION NO. 22-0189

FINDINGS OF FACT:

1. The Bureau commenced its investigation of Licensee's premises on January 24, 2022, and completed its investigation on February 9, 2022. (Exhibit B-1)

2. The Bureau notified Licensee of the nature of the alleged violation(s) disclosed by its investigation by letter dated February 15, 2022, which was sent by certified mail and received by Licensee on February 22, 2022. (Exhibit B-1)

3. The citation was issued on February 22, 2022, and was sent by certified mail and received by Licensee on February 22, 2022. (Exhibit B-2)

4. The Notice of Violation letter was mailed to Licensee on February 15, 2022. (Exhibit B-1 & 2)

5. Isaac Strohecker is an Officer with the Bureau of Liquor Control Enforcement. (N.T. 9) He has worked with the Bureau since 2021. (N.T. 9) He visited Licensee's business on January 19, 2022, at 11:00 a.m., along with another Enforcement Officer and two Liquor Control Board licensing analysts, one of whom was a supervisor. (N.T. 10) He watched the analysts use a wheel tape measure to trace the area of Licensee's property that was available to the public. (N.T. 10-11) He did not remember the specific layout of the store. (N.T. 11) He conducted a routine inspection during which he asked to see all the areas that were available to customers. He could not recall how may specific areas or rooms Licensee showed him. (N.T. 11) Although Officer Strohecker did not testify about what the Board's analysts told him at the store, he testified that he discussed the analysts' findings with Licensee's employee during the visit. (N.T. 11-12) When Officer Strohecker left, he took a photograph of Licensee's storefront which then displayed a green liquor license suspension placard. (Exhibits B-7 and B-8, N.T. 12-15) The placard contained language stating that Licensee had been found to have insufficient square footage and insufficient seating. (N.T. 19)

6. Officer Strohecker did not take any measurements of Licensee's property during the visit. He also agreed that he does not know how many rooms are in the premises. (N.T. 16) On January 19, 2022, Officer Strohecker had worked with the Bureau from six to nine months. This was his first inspection. (N.T. 17) Officer Strohecker's inspection report does not mention that Licensee's business lacked adequate seating. (N.T. 20) He estimates that on January 19, 2022, Licensee had approximately 28 seats set up and two folding chairs. (N.T. 20)

CONCLUSIONS OF LAW:

1. The notice provisions as prescribed by the Liquor Code at 47 P.S. §4-471 have been satisfied.

2

BEST BEER INC
IN RE CITATION NO. 22-0189

    2. Count one: the Bureau has failed to establish by a preponderance of corroborated non-hearsay evidence that Licensee had inadequate square footage for the public in its business on January 19, 2022.

DISCUSSION:

The sole issue in this case is whether the Bureau produced any non-hearsay evidence that Licensee failed to make the required amount of space available to the public in its business. Pennsylvania Courts have long held that in administrative proceedings, a finding of fact may not be based solely on hearsay. Walker v. Unemployment Compensation Bd. of Review, 367 A.2d 366, 370 (Pa. Cmwlth. 1976)

In this case the Bureau relied upon the testimony of Officer Strohecker to establish that Licensee had inadequate space for the public. He testified that he saw agents of the Board's Bureau of Licensing measure Licensee's establishment (Finding No. 5), that he discussed the agent's measurements with one of Licensee's employees (Id.), and that he discovered the agents suspended Licensee for inadequate space and seating when he saw a notice posted outside the business. (Id.) He introduced a copy of a photo of the posted notice. (Id.) Additionally, there is no testimony in the record to indicate that Licensee agreed with the agent's measurements, either the amount they calculated, or the areas measured.

Licensee contends that each element of Officer Strohecker's testimony is hearsay and cannot establish the Bureau's prima facie case. Licensee notes that Officer Strohecker did not measure Licensee's business and therefore does not have personal knowledge of its measurement. He did not remember the extent of Licensee's business measured by the Board's agents. And the Bureau did not produce a certified record from the Board's Bureau of Licensing regarding the agents' findings from the measurements.

The Bureau asks that this Court draw an inference about the square footage available to the public on January 19, 2022, based on the Board's suspension placard. (N.T. 27-28) However, the Bureau has not supplied any caselaw that grants this Court the authority to make an inference about an ultimate question of fact based on hearsay evidence without corroboration. Therefore, I decline to do so.

Nor has the Bureau explained how the contents of the photographed placard are either an official record of an agency or otherwise exempt from hearsay. Even if this Court accepts the premise that the placard is an official record of an agency, Officer Strohecker is only competent to testify that his photograph accurately depicts what he took a picture of, not that the contents of the placard are an accurate representation of the Board's records. Maggiano v. Pennsylvania State Bd. of Vehicle Mfrs., Dealers & Salespersons, 659 A.2d 1071, 1075 (Pa. Cmwlth. 1995).

Therefore, the Bureau has failed to establish with a preponderance of corroborated non-hearsay evidence that Licensee had inadequate square footage for the public in its business on January 19, 2022. Accordingly, the citation must be dismissed.

3

BEST BEER INC
IN RE CITATION NO. 22-0189

<u>ORDER</u>:

THEREFORE, it is hereby ordered that citation 22-0189 filed against Best Beer, Inc., License Number E-SS-4684, is dismissed.

Jurisdiction is retained.

Dated this 29th day of July, 2024.

kes

Richard O'Neill Earley, J.

NOTE: IF YOU WANT THE ADMINISTRATIVE LAW JUDGE TO RECONSIDER THIS ADJUDICATION, YOU MUST SUBMIT A WRITTEN APPLICATION AND A NONREFUNDABLE $25.00 FILING FEE. BOTH MUST BE RECEIVED BY THE OFFICE OF ADMINISTRATIVE LAW JUDGE, (PLCB - OFFICE OF ADMINISTRATIVE LAW JUDGE, BRANDYWINE PLAZA, 2221 PAXTON CHURCH ROAD, HARRISBURG, PA 17110-9661) WITHIN 15 DAYS OF THIS ADJUDICATION'S MAILING DATE. YOUR APPLICATION MUST DESCRIBE THE REASONS FOR RECONSIDERATION. THE FULL REQUIREMENTS FOR RECONSIDERATION CAN BE FOUND IN TITLE 1 PA. CODE §35.241.

IF YOU WISH TO APPEAL THIS ADJUDICATION, YOU MUST FILE AN APPEAL WITHIN 30 DAYS OF THE MAILING DATE OF THIS ADJUDICATION BY CONTACTING THE OFFICE OF CHIEF COUNSEL OF THE PENNSYLVANIA LIQUOR CONTROL BOARD (717-783-9454). FOR FURTHER INFORMATION, VISIT WWW.LCB.STATE.PA.US. THE FULL REQUIREMENTS FOR AN APPEAL CAN BE FOUND IN 47 P.S. §4-471.

BEST BEER INC
IN RE CITATION NO. 22-0189

**Detach Here and Return Stub with Payment – Note Citation Number on Check**

-------------------------------------------------------------------------------

The fine must be paid by cashier's check, money order, or a check drawn on the account of an attorney licensed in Pennsylvania. **Personal and business checks are NOT acceptable unless bank certified.** Please make your guaranteed check payable to the Commonwealth of Pennsylvania and mail it, along with any required documentation to:

PLCB – Office of Administrative Law Judge
Brandywine Plaza
2221 Paxton Church Road
Harrisburg PA   17110-9661

**Credit/Debit Cards may be used:** If you have already registered with PLCB+ you should be able to pay by Credit/Debit card; if you have not registered with PLCB+ you may obtain the information on how to register by sending an email message to: RA-LBLICENSINGMOD@pa.gov.

In Re Citation No. 22-0189
Best Beer, Inc.