**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASIAN-AMERICAN LICENSED BEVERAGE ASSOCIATION, et al., | : | |
| | : | No. 2:24-cv-06348 |
| Plaintiffs, | : | |
| v. | : | Judge Schmehl |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Electronically Filed Document |
| | : | *Complaint Filed 11/26/2024* |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2025, upon consideration of Commonwealth Defendants Commonwealth of Pennsylvania, Pennsylvania State Police Bureau of Liquor Control Enforcement, and Pennsylvania Liquor Control Board's Motion to Dismiss Plaintiff's Complaint, it is hereby **ORDERED** and **DECREED** that Commonwealth Defendants' Motion is **GRANTED**.  All claims against Commonwealth Defendants are hereby dismissed, with prejudice.

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASIAN-AMERICAN LICENSED BEVERAGE ASSOCIATION, et al., | : : : | No. 2:24-cv-06348 |
| Plaintiffs, | : : | |
| v. | : : | Judge Schmehl |
| CITY OF PHILADELPHIA, et al., | : : | Electronically Filed Document *Complaint Filed 11/26/2024* |
| Defendants. | : | |

## COMMONWEALTH DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Commonwealth of Pennsylvania, Pennsylvania State Police Bureau of Liquor Control Enforcement, and Pennsylvania Liquor Control Board (collectively, "Commonwealth Defendants"), by and through undersigned counsel, hereby move to dismiss the operative Complaint filed by Plaintiffs Asian-American Licensed Beverage Association, Yo Deli, Inc., Best Beer, Inc., Sky Beer Deli, Inc., Maya Investment Group, LLC, 7701 Ogontz, Inc., CDD 725, Inc., and Arab American Business Association and Professional Association of the Delaware Valley's (collectively, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b), for the reasons contained in the corresponding Memorandum of Law. Fed. R. Civ. P. 12(b).

//

//

//

//

//

//

//

Respectfully submitted,

Dated:  January 6, 2025

MICHELLE A. HENRY
Attorney General

By: */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128
Email:  skeosianfrounjian@attorneygeneral.gov

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney I.D. 329591

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants Commonwealth of
Pennsylvania, Pennsylvania State Police
Bureau of Liquor Control Enforcement and
Pennsylvania Liquor Control Board*

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASIAN-AMERICAN LICENSED BEVERAGE ASSOCIATION, et al., | : : | |
| | : | No.  2:24-cv-06348 |
| Plaintiffs, | : | |
| v. | : | Judge Schmehl |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Electronically Filed Document |
| | : | *Complaint Filed 11/26/2024* |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Commonwealth of Pennsylvania, Pennsylvania State Police Bureau of Liquor Control Enforcement, and Pennsylvania Liquor Control Board (collectively, "Commonwealth Defendants"), by and through undersigned counsel, respectfully submit the present Memorandum of Law in support of Commonwealth Defendants' Motion to Dismiss Plaintiffs' Complaint.

**I.      PROCEDURAL BACKGROUND**

The present civil action was commenced on November 26, 2024, when the following plaintiffs filed the operative Complaint against Commonwealth Defendants and the City of Philadelphia ("City Defendant"): Asian-American Licensed Beverage Association, Yo Deli, Inc., Best Beer, Inc., Sky Beer Deli, Inc., Maya Investment Group, LLC, 7701 Ogontz, Inc., CDD 725, Inc., and Arab American Business Association and Professional Association of the Delaware Valley's (collectively, "Plaintiffs").  (ECF No. 1.)  Plaintiffs' Complaint alleges the following causes of action against Commonwealth Defendants and City Defendant:

     (1)     Violation of Due Process Clause of Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. section 1983 ("Section 1983") (against City Defendant only);

     (2)     Violation of Article I, Section 1 of Pennsylvania Constitution (against City Defendant only);

     (3)     Violation of First Amendment Right to Petition, pursuant to Section 1983 (against City Defendant only);

     (4)     Violation of Article I, Section 20 of Pennsylvania Constitution (against City Defendant only);

     (5)     Selective Enforcement in Violation of Equal Protection Clause of Fourteenth Amendment, pursuant to Section 1983 (against all Defendant);

     (6)     Selective Enforcement in Violation of Article I, Section 26 of Pennsylvania Constitution (against all Defendants); and

     (7)     Civil Conspiracy pursuant to Section 1983 (against all Defendants).

(*Id.*)  Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (hereinafter, "Motion") on November 26, 2024.  (ECF No. 3.)  The Court held a hearing upon Plaintiffs' Motion on December 3, 2024, and denied Plaintiffs' request for a temporary restraining order, granted Plaintiffs' request for expedited discovery, and scheduled a further hearing upon Plaintiffs' request for a preliminary injunction.  (ECF No. 14.)  The hearing upon Plaintiffs' request for a preliminary injunction is scheduled for March 19, 2025.  (*Id.*)

     Subsequently, Plaintiffs, Commonwealth Defendants, and City Defendant entered into a stipulation agreeing that Defendants' responses to Plaintiffs' Complaint will be filed no later than January 6, 2025, and Defendants' responses to Plaintiffs' Motion will be filed no later than

January 16, 2025.  (ECF No. 15.)  The Court granted the parties' joint stipulation, confirming the deadlines enumerated therein, on December 19, 2024.  (*Id.*)  Commonwealth Defendants now submit the present Motion to Dismiss in accordance with the deadlines stated within the Court's Order.  (*Id.*)

## II.    FACTUAL BACKGROUND

The Pennsylvania Liquor Control Board ("PLCB") is an independent administrative agency created by the Pennsylvania Liquor Code ("Liquor Code"). 47 P.S. § 2-201.  The duties and responsibilities of the PLCB are defined by the provisions of the Liquor Code, and provide, in pertinent part, that the PLCB is statutorily responsible for the regulation of liquor sales in the Commonwealth of Pennsylvania, including, but not limited to, the issuance of liquor licenses. *Id.* § 2-207.  The Liquor Code, separately, created a Bureau of Liquor Control Enforcement ("BLCE") within the Pennsylvania State Police, which is expressly responsible for enforcing the provisions of the Liquor Code.  *Id.* § 2-211.  In relevant part, the Liquor Code confers upon the BLCE the responsibility of investigating whether licensees have violated the provisions of the Liquor Code, and issuing citations when licensees have committed such violations.  *Id.* § 2-211(a)(4).

Plaintiffs maintain they are Asian-American and Arab-American business owners in the City of Philadelphia, who each have been issued a liquor license by the PLCB.  (ECF No. 1 at ¶¶ 28-33.)  Plaintiffs allege they have secured licenses from the PLCB categorized as "Restaurant Licenses" (R-Licenses), or "Eating Place Retail Licenses" (E-Licenses).  (*Id.* at ¶ 36.)  Those holding R-Licenses and E-Licenses are required to adhere to certain requirements enumerated in the Liquor Code as well as PLCB regulations.  As a form of exemplar, a nonexclusive list of requirements include the following: establishments holding a R-License and E-License must

have seating for at least thirty (30) persons; must have sufficient food for at least thirty (30) persons; must have sufficient dishes and silverware to serve thirty (30) patrons at one time; must have a current and valid health permit;  establishments holding a R-License must be not less than four hundred (400) square feet; and establishments holding an E-License must be not less than three hundred (300) square feet.   47 P.S. § 1-102 (seating, food, and square footage requirements); 40 Pa. Code § 5.41 (health permit requirements).   As noted in the preceding paragraph, the BLCE is the law enforcement agency responsible for investigating whether the provisions of the Liquor Code have been violated, and may issue citations to licensees who have violated the provisions of the Code.  *Id.* § 2-211(a)(4).

Importantly, establishments holding R-Licenses and E-Licenses are required to file an application with the PLCB to renew their licenses every two years.  47 P.S. § 4-470(a.1).  Under the provisions of the Liquor Code, renewal of a liquor license is not automatic.  *Id.*  In considering whether or not to renew a liquor license, the PLCB is required to consider a variety of factors enumerated within the Liquor Code, including, but not limited to, whether a licensee has been issued a citation for previous violations of the Liquor Code or PLCB regulations.  *Id.* § 4-470(a.1)(2).   The PLCB may consider all Code violations committed by a licensee in determining whether to renew a liquor license, regardless of when the violations occurred.

Plaintiffs' primary allegation contends Commonwealth Defendants PLCB and BLCE have targeted their businesses on the basis of Plaintiffs' Asian- or Arab-American race, and selectively enforced the provisions of the Liquor Code against such businesses in an effort to revoke their respective liquor licenses and close down their businesses.  (ECF No. 1 at ¶¶ 141, 147-150, 270.)   More specifically, Plaintiffs allege when they attempt to renew their liquor licenses with Commonwealth Defendant PLCB, rather than "simply issu[ing] a renewal",

Commonwealth Defendant PLCB has instead "issued dozens of 'temporary renewal' letters" in response to Plaintiffs' applications. (*Id.* at ¶¶ 147-149, 151-155, 176-178.) The "temporary renewal letters" issued to Plaintiffs' provide that Commonwealth Defendant PLCB will hold a hearing on whether to renew the respective liquor licenses. (*Id.* at ¶¶ 151, 178, Exhibit B, D.) The "temporary renewal letters" specifically identify the citations issued to Plaintiffs, and further identify additional grounds warranting a hearing upon Plaintiffs' renewal applications. (*Id.*) Furthermore, the "temporary renewal letters" provide that Plaintiffs' liquor licenses will remain valid and Plaintiffs will be permitted to continue operating during the administrative hearing process. (*Id.*)

## III.    LEGAL STANDARD

Commonwealth Defendants' Motion to Dismiss is grounded upon the absence of subject matter jurisdiction and the failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12(b)(1), (6).

### A.    <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") permits dismissal of a complaint based upon an absence of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion challenging subject matter jurisdiction pursuant to Rule 12(b)(1) comes in two forms. Initially, a motion under Rule 12(b)(1) may constitute a "facial challenge" to subject matter jurisdiction. A "facial challenge" to subject matter jurisdiction argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations. *Urella v. Pennsylvania State Troopers Ass'n*, 628 F.Supp.2d 600, 604 (E.D. Pa. 2008). Separately, a motion under Rule 12(b)(1) may constitute a "factual challenge" to subject matter jurisdiction, which "differs greatly" than a "facial challenge" to subject matter jurisdiction. *Mortensen v.*

*First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).   A "factual challenge"

"attacks the existence of subject matter jurisdiction in fact, quite apart from any pleadings".  *Id.*

Where a Rule 12(b)(1) motion presents a "facial challenge" to subject matter jurisdiction,

"the factual allegations in the complaint are presumed to be true and the complaint is reviewed to

ensure that each element necessary for jurisdiction is present."  *Halstead v. Motorcycle Safety*

*Foundation Inc.*, 71 F.Supp.2d 464, 468 (E.D. Pa. 1999).   In contrast, where a Rule 12(b)(1)

motion presents a "factual challenge" to subject matter jurisdiction, "no presumptive truthfulness

attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude

the trial court form evaluating for itself the merits of jurisdictional claims."  *Mortensen*, 549 F.2d

at 891.  Additionally, "the plaintiff will have the burden of proof that jurisdiction does in fact

exist."  *Id.*

A motion alleging a defendant is immune from suit pursuant to the Eleventh Amendment

of the United States Constitution is properly considered as a motion under Rule 12(b)(1).

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir. 1996) (explaining, because

"the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter

jurisdiction", a motion asserting Eleventh Amendment immunity is properly considered under

Rule 12(b)(1)).

### B.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure

to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  To meet this standard, a

complaint must plead "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 787. The Third Circuit has developed a three-part framework in this analysis: (1) a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements; (2) a plaintiff's claims may not be merely conclusory; and (3) where there are well-pleaded factual allegations, the court should assume their truth and then determine if they plausibly entitle a plaintiff to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d. Cir. 2009) (explaining, "the District Court must . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

In this analysis, the Court must assume all well-pleaded factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom. *Connelly*, 809 F.3d at 790. Conversely, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (explaining that the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action"). Similarly, the Court is not required to accept "inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint." *Doe v. Pa. DOC*,

No. 1:20-cv-00023-SPB-RAL, 2021 WL 1583556 at *6 (W.D. Pa. Feb. 19, 2021) (citing *Cal. Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004)).

In considering a motion to dismiss, the reviewing court examines "the complaint, the exhibits attached to the complaint, and matter of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichik*, 605 F.3d 223, 230 (3d. Cir. 2010).  Furthermore, while "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings[,] . . . an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' " *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d. Cir. 1997) (emphasis in original) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1224 (1st Cir. 1996)).  "The rationale underlying this exception is that the primary problem raised by looking at documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.' " *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)).  A document will be considered "integral to or explicitly relied upon in the complaint" where the claims in the complaint are "based on" the extrinsic document; it is not required that the document be explicitly cited within the complaint. *Id.*

## IV.    ARGUMENT

Plaintiffs' Complaint, which alleges three causes of action against Commonwealth Defendants, is subject to dismissal for three reasons.  Initially, Plaintiffs' Fifth and Seventh causes of action advanced pursuant to 42 U.S.C. section 1983 ("Section 1983") must be dismissed because Commonwealth Defendants are immune from suit against such claims

pursuant to the Eleventh Amendment of the United States Constitution. Fed. R. Civ. P. 12(b)(1). Second, even where this Court concludes Commonwealth Defendants are not entitled to immunity, Plaintiffs' Fifth and Seventh causes of action remain subject to dismissal because Plaintiffs have failed to state a claim against Commonwealth Defendants for civil conspiracy, as well as the violation of the equal protection clause and due process clause of the Fourteenth Amendment of the United States Constitution. Fed. R. Civ. P. 12(b)(6). Lastly, Plaintiffs' Sixth cause of action, which is advanced pursuant to the Pennsylvania Constitution, is similarly subject to dismissal because Plaintiffs have failed to state a claim against Commonwealth Defendants for the violation of Article I, Section 29 of the Pennsylvania Constitution. Commonwealth Defendants address each ground for dismissal in turn, below.

A.    **Plaintiff's Fifth and Seventh Causes of Action, Advanced Pursuant to Section 1983, are Subject to Dismissal Because Commonwealth Defendants are Immune from Suit Pursuant to the Eleventh Amendment**

Plaintiffs' Fifth and Seventh causes of action, which are each advanced pursuant to Section 1983, must be dismissed against Commonwealth Defendants because Commonwealth Defendants are immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has interpreted the Eleventh Amendment to render states immune from suit from private parties in federal court. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Furthermore, it is "well established" that the immunity granted to states by the Eleventh Amendment is extended to "arms" of a state, including state agencies,

departments, and officials. *Karns v. Shanahan*, 879 F.3d 504, 512-13 (3d Cir. 2019) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007)); *see also Hans v. Louisiana*, 134 U.S. 1, 20 (1890); *see also C.H., ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir.2000).

The sovereign immunity conferred by the Eleventh Amendment is subject to three exceptions. *MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). The first exception is congressional abrogation, which occurs when Congress unequivocally and expressly abrogates sovereign immunity and authorizes suits against states. *Id.*; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996). The second exception occurs when a state waives immunity by consenting to suit. *Id.* A state's waiver to suit may be invoked by bringing suit in federal court, or by making a " 'clear declaration that [the state] intends to submit itself to [federal] jurisdiction.' " *Id.* at 504 (quoting *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999)). "The third exception to the Eleventh Amendment is the doctrine of *Ex Parte Young*, 2019 U.S. 123 (1908), under which individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing violations of federal law." *Id.* at 506.

Presently, Plaintiffs' Fifth and Seventh causes of action, which are advanced pursuant to Section 1983, are unequivocally barred by the immunity granted to Commonwealth Defendants by the Eleventh Amendment. First and foremost, Plaintiffs have brought suit against Commonwealth Defendants, which include the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board (previously abbreviated, "PLCB"), and the Pennsylvania State Police Bureau of Liquor Control Enforcement (previously abbreviated, "BLCE"). The Commonwealth of Pennsylvania, as a state, unquestionably enjoys the immunity granted by the

Eleventh Amendment. *Urella v. Pennsylvania State Troopers Ass'n*, 628 F.Supp.2d 600, 605 (E.D. Pa. 2008). Additionally, the Pennsylvania Liquor Control Board and the Pennsylvania State Police Bureau of Liquor Control Enforcement have both been determined to be "arms" of the Commonwealth of Pennsylvania, and entitled to the sovereign immunity granted by the Eleventh Amendment. *Frein v. Pennsylvania State Police*, 47 F.4th 247, 257 (3d Cir. 2022) ("Pennsylvania State Police is an arm of the Commonwealth of Pennsylvania" and entitled to Eleventh Amendment immunity); *Patterson v. Pennsylvania Liquor Control Board*, 915 F.3d 945, 956 (3d Cir. 2019) ("We therefore conclude the PLCB is an arm of the state that is entitled to Eleventh Amendment sovereign immunity."). Accordingly, as each of Commonwealth Defendants are either states or "arms" of the state which enjoy Eleventh Amendment immunity, Plaintiffs' Fifth and Seventh causes of action must be dismissed for absence of subject matter jurisdiction unless one of the three exceptions apply.

None of the exceptions to Eleventh Amendment immunity apply in the present case, thereby warranting dismissal of Plaintiffs' Fifth and Seventh causes of action against Commonwealth Defendants. Initially, the first exception of congressional abrogation is inapplicable in this case because our Supreme Court has previously determined Congress did not abrogate a state's immunity under the Eleventh Amendment when enacting Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Additionally, the second exception of state waiver is not contemplated in this case because the Commonwealth of Pennsylvania has not waived immunity by bringing suit in federal court or by making a clear declaration that it intends to submit itself to federal jurisdiction. Indeed, the Commonwealth of Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court pursuant to the Eleventh Amendment. *See* 42 Pa. C.S. § 8521(b). Lastly, the third exception is similarly inapplicable in the present case

because Plaintiffs have not brought suit against individual state officers. *MCI Telecommunication Corp.*, 271 F.3d at 506. Plaintiffs have only brought suit against the Commonwealth of Pennsylvania and two Commonwealth agencies, who are not subject to the exception enumerated in *Ex Parte Young*. Therefore, as none of the exceptions are applicable, Commonwealth Defendants are immune from Plaintiffs' Fifth and Seventh causes of action advanced under Section 1983, and such causes of action must be dismissed given the absence of subject matter jurisdiction.

**B.** **Plaintiff's Fifth and Seventh Causes of Action, Advanced Pursuant to Section 1983, are Subject to Dismissal Because Plaintiffs have Failed to State a Claim against Commonwealth Defendants**

Even where the Court concludes Commonwealth Defendants are not entitled to Eleventh Amendment immunity—which Commonwealth Defendants would dispute is the case—Plaintiffs' Fifth and Seventh causes of action remain subject to dismissal because Plaintiffs have failed to state a viable cause of action against Commonwealth Defendants.

Plaintiffs' Fifth and Seventh causes of action are each advanced pursuant to Section 1983. Plaintiffs' Fifth cause of action maintains Commonwealth Defendants have violated the equal protection and due process clause of Fourteenth Amendment of the United States Constitution by selectively enforcing the provisions of the Liquor Code against Plaintiffs. (ECF No. 1 at ¶¶ 267-275.) Plaintiffs' Seventh cause of action maintains Commonwealth Defendants have improperly conspired with City Defendant to deprive Plaintiffs of their rights under the Fourteenth Amendment. (*Id.* at ¶¶ 283-286.)

Initially, dismissal of Plaintiffs' Fifth and Seventh causes of action under Section 1983 is unquestionably appropriate because Commonwealth Defendants are not "persons" as defined by Section 1983, and therefore, are not subject to suit under the statute. Plaintiffs' Fifth cause of

action is, furthermore, subject to dismissal because Plaintiffs have failed to allege facts sufficiently establishing Commonwealth Defendants violated the equal protection and due process clauses of the Fourteenth Amendment. Plaintiff's Seventh cause of action is, additionally, subject to dismissal because Plaintiffs have failed to allege facts demonstrating Commonwealth Defendants entered into an agreement with City Defendant to deprive Plaintiffs of their constitutional rights under the Fourteenth Amendment.

        1.      Commonwealth Defendants are not "Persons" as Defined by Section 1983

Plaintiff cannot state a claim under Section 1983 against Commonwealth Defendants because Commonwealth Defendants are not "persons" subject to suit under Section 1983.

Section 1983 allows an individual to bring an action against a "person" who, acting under the color of state law, has deprived the individual of their constitutional rights. 42 U.S.C. § 1983. In order to maintain an action advanced under Section 1983, the plaintiff is required to demonstrate that the defendant sued is a "person" as defined by Section 1983. Whether a defendant is a "person" under Section 1983 involves an inquiry which is similar, but distinct, from that employed within an Eleventh Amendment immunity analysis. *Kaul v. Christie*, 372 F.Supp.2d 206, 244 (D.N.J. 2019). The United States Supreme Court, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (*Will*), determined that neither a state nor state agencies nor state official acting in their official capacities are "persons" under Section 1983." *Will*, 491 U.S. at 70-71 (holding, neither "states [n]or governmental entities that are considered 'arms of the State'" nor "officials acting in [their] official capacity" are "persons" under Section 1983). Following the Supreme Court's determination in *Will*, courts have routinely dismissed Section 1983 lawsuits advanced against states, state agencies, and state officials. *Machon v. Pennsylvania Dept. of Public Welfare*, 847 F.Supp.2d 734, 744-45 (E.D. Pa. 2012); *Sutton v.*

*City of Philadelphia*, 21 F.Supp.3d 474, 485 (E.D. Pa. 2014); *Bey v. Pennsylvania Dept. of Corrections*, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000).

Plaintiffs' Fifth and Seventh causes of action under Section 1983 are each advanced against Commonwealth Defendants, which include the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board, and the Pennsylvania State Police Bureau of Liquor Control Enforcement. Commonwealth Defendants are made up of either a state (Commonwealth of Pennsylvania) or state agencies which qualify as "arms of the State" (Pennsylvania Liquor Control Board and the Pennsylvania State Police Bureau of Liquor Control Enforcement). *Frein*, 47 F.4th at 257; *Patterson*, 915 F.3d at 956. Accordingly, in light of the Supreme Court's holding in *Will*, Commonwealth Defendants are not "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 70-71. Therefore, Plaintiffs' Fifth and Seventh causes of action must be dismissed with prejudice against Commonwealth Defendants.

> 2.  Plaintiffs have Failed to State Facts Sufficient to Demonstrate Commonwealth Defendants Violated the Fourteenth Amendment of the United States Constitution

Even where this Court concludes Commonwealth Defendants are "persons" under Section 1983, Plaintiffs' Fifth cause of action remains subject to dismissal for failure to state a claim. Plaintiffs' Fifth cause of action maintains Commonwealth Defendants have violated the equal protection and due process clauses of the Fourteenth Amendment by selectively enforcing the provisions of the Liquor Code against Plaintiffs, who are of Asian- or Arab-American descent. (ECF No. 1 at ¶¶ 7, 48, 229.) Specifically, Plaintiffs maintain Commonwealth Defendants have targeted Plaintiffs by issuing "temporary renewal letters" in response to Plaintiffs' applications to renew their liquor licenses. (*Id.* at ¶¶ 147-165, 176-178.) Plaintiffs' Fifth cause of action is subject to dismissal because Plaintiffs have failed to allege facts

sufficient to demonstrate Commonwealth Defendants have violated the equal protection, procedural due process, or substantive due process clauses of the Fourteenth Amendment by issuing the aforementioned "temporary renewal letters".

> a.   *Plaintiff Has Failed to Sufficiently Allege a Claim of "Selective Enforcement" under the Equal Protection Clause of the Fourteenth Amendment*

The United States Supreme Court has determined the equal protection clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." *Whren v. U.S.*, 517 U.S. 806, 813 (1996); *see also PG Publ'g Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013). In order to establish a selective enforcement claim under the Fourteenth Amendment, a plaintiff must demonstrate the following elements: (a) "he was treated differently from other similarly situated individuals," and (b) "the selective treatment 'was based on an unjustifiable standard such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of some fundamental right.' " *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). "A plaintiff must do more than merely allege facts that illustrate unequal application of a law or practice; he or she must also allege the existence of an 'intentional or discriminatory purpose' motivating the unequal application." *Gillespie v. Pennsylvania State Police*, 574 F.Supp.3d 272, 287 (E.D. Pa. 2021) (citing *PG Publ'g Co.*, 705 F.3d at 115).

"A person is 'similarly situated' when he or she is 'alike in all relevant aspects' to another person or entity." *Gillespie*, 574 F.Supp.3d at 287 (citing *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). In order to satisfy the first element of a selective enforcement cause of action, "a plaintiff must do more than merely allege he or she was 'similarly situated' to an individual or group treated differently. *Id.* (citing *PG Publ'g Co.*, 705 F.3d at 115). "A plaintiff must allege

specific facts, circumstances, or occurrences showing he or she was similarly situated to another specified person or entity *and* illustrate the alleged differential treatment that occurred." *Id.* (emphasis added); *see Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008). Where a plaintiff fails to identify an individual or entity with whom he was similarly situated and treated differently, or where a plaintiff fails to allege with sufficient specificity the specific instances where he was treated differently from other similarly situated, courts have determined plaintiff has failed to state a claim for selective enforcement under the Fourteenth Amendment. *Id.* at 287 (dismissing selective enforcement claim because "no comparators are identified" in the complaint); *Prof'l Dog Breeders Advisory Council, Inc. v. Wolff*, 752 F. Supp. 2d 575, 595 (E.D. Pa. 2010) (internal citation omitted) (holding that "plaintiff must name someone who was similarly situated but treated differently."); *Brobson v. Borough of New Hope*, No. 00–0003, 2000 WL 1738669 at *5 (E.D. Pa. Nov. 22, 2000) (dismissing selective enforcement claim because "plaintiff in the instant case failed to name anyone who was similarly situated but treated differently"); *Richardson v. Didok*, No. 19-5072, 2020 WL 5602526 at *3 (E.D. Pa. Sept. 17, 2020) (dismissing selective enforcement claim because plaintiff "baldly alleges" he was similarly situated and failed to identify "any specific individuals or groups of people who might serve as comparators").

In the present case, Plaintiffs' Fifth cause of action is subject to dismissal because Plaintiffs have failed to allege sufficient facts establishing a claim for "selective enforcement" under the Fourteenth Amendment. Plaintiffs represent within their operative Complaint that Commonwealth Defendants have targeted their businesses in an effort to revoke their liquor licenses and force the closure of their businesses. (ECF No. 1 at ¶ 147.) Plaintiffs allege that, in an effort to target Plaintiffs' businesses, Commonwealth Defendant PLCB has issued "temporary

renewal letters" in response to Plaintiffs' license renewal applications, informing Plaintiffs a hearing will be required to determine whether their licenses will be renewed.  (*Id.* at ¶¶ 147-165, 176-178.)   Plaintiffs' allegations are insufficient to satisfy the first element of a claim for "selective enforcement" because Plaintiffs have failed to specifically identify any other licensees who are similarly situated to Plaintiffs, and did not receive a "temporary renewal letter" in response to their license renewal application.    Plaintiffs' Complaint only includes the bald, general assertion that "other businesses, owned by non-minorities or controlled by larger corporate interests, are treated differently" than Plaintiffs.  (ECF No. 1 at ¶¶ 234-236.)  These, albeit insufficient, allegations, additionally, do not include any specific facts, circumstances, or occurrences demonstrating Plaintiffs are similarly situated to these "other businesses", or how these "other businesses" were treated differently than Plaintiffs.  (*Id.*)  Plaintiffs' failure to specifically identify comparators who are similarly situated and treated differently renders Plaintiffs' Fifth cause of action deficient, and subject to dismissal.  *Gillespie*, 574 F.Supp.3d at 287; *Wolff*, 752 F. Supp. 2d at 595; *Brobson*, 2000 WL 1738669 at *5; *Richardson*, 2020 WL 5602526 at *3.

>    **b.    *Plaintiff Has Failed to Sufficiently Allege a Violation of Procedural Due Process under the Fourteenth Amendment***

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  In order to state a cause of action for the violation of procedural due process under the Fourteenth Amendment in the context of Section 1983, a plaintiff must demonstrate the following: (a) defendants acted under color of state law in depriving plaintiff a protected property interest; and (b) the state and local procedures for challenging the deprivation do not

satisfy the requirements for procedural due process. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006).

Plaintiffs' Fifth cause of action is subject to dismissal because Plaintiffs have failed to allege facts demonstrating Commonwealth Defendants have violated the procedural due process afforded by the Fourteenth Amendment. Plaintiffs maintain that, by issuing the aforementioned "temporary renewal letters" and requiring Plaintiffs to undergo a hearing to determine whether renewal of their respective liquor licenses will be awarded, Commonwealth Defendants have "threaten[ed] to permanently close [Plaintiffs'] established businesses arbitrarily and without adequate due process". (ECF No. 1 at ¶ 229.) However, as a matter of law, Plaintiffs are unable to maintain a claim for procedural due process based upon the threatened revocation of their liquor licenses because a liquor license is not considered property in the Commonwealth of Pennsylvania. *Golden Eagle Tavern, Inc. v. City of Lancaster*, No. 13–1426, 2014 WL 881139 at *2-3 (E.D. Pa. Mar. 6, 2014) (Schmell, J.). Rather, a liquor license is a "privilege" between Commonwealth Defendant PLCB and the respective licensee. 47 P.S. § 4–468(d); *see 770 Ameribeer, Inc. v. Pennsylvania Liquor Control Board*, 218 A.3d 998, 1005 (Pa. Cmwlth. 2024) ("A liquor license is a privilege granted by the state . . . ."). Considering the foregoing, it has been determined by this Court that a licensee does not have a protected property interest in a liquor licensed obtained from Commonwealth Defendant PLCB. *Golden Eagle Tavern, Inc.*, 2014 WL 881139 at *2-3. Accordingly, Plaintiffs are unable to demonstrate Commonwealth Defendants' alleged conduct violated the procedural due process afforded by the Fourteenth Amendment because Plaintiffs never had a protected property interest in the liquor licenses issued by Commonwealth Defendants PLCB. *Id.*

Furthermore, even where a liquor license was considered "property" in the Commonwealth, Plaintiffs have failed to allege facts establishing there has been a deprivation of, or revocation of, Plaintiffs' liquor licenses. Instead, all Plaintiffs have alleged is that a hearing will be held before a hearing examiner to determine whether Plaintiffs' licenses will be renewed. (ECF No. 1 at ¶¶ 151, 178, Exhibit B, D.) Plaintiffs' licenses have not been revoked, and Plaintiffs are permitted to operate during the administrative hearing process. (*Id.*) In summary, Plaintiffs have wholly failed to allege facts demonstrating Commonwealth Defendants have violated the protections afforded by the procedural due process clause of the Fourteenth Amendment because Plaintiffs have failed to allege any deprivation of a protected property interest as a result of Commonwealth Defendants' conduct or actions. Plaintiffs' procedural due process claim against Commonwealth Defendant should, accordingly, be dismissed with prejudice.

c.    *Plaintiffs Have Failed to Sufficiently Allege a Violation of Substantive Due Process under the Fourteenth Amendment*

Substantive due process projections under the Fourteenth Amendment are "distinguishe[d] between legislative acts and non-legislative or executive acts". *Golden Eagle Tavern, Inc.*, 2014 WL 881139 at *3 n.2. An administrative agency's decisions concerning a liquor license are considered non-legislative acts. *Id.* "When a plaintiff challenges non-legislative state action, courts must look to whether the property interest being deprived is 'fundamental' under the Constitution." *Id.*; *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 140 (3d Cir. 2000). Where the property interest being deprived is "fundamental", substantive due process protections under the United States Constitution require that the government refrain from "arbitrary or irrational deprivation, regardless of the adequacy of procedure used." *Id.* However, where the interest is not "fundamental", the government's

alleged deprivation "is entirely outside the ambit of substantive due process and will be upheld so long as the state satisfied the requirements of procedural due process." *Id.* "To date, the Third Circuit has limited non-legislative substantive due process review to cases involving real property ownership." ". *Id* at *3 (citing *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 598 (3d Cir.1995)).

In the present case, to the extent Plaintiffs maintain Commonwealth Defendants have violated substantive due process protections afforded by the United States Constitution through their alleged issuance of "temporary renewal letters", such an allegation fails as a matter of law. The Third Circuit has not recognized that a liquor license is a "fundamental" property interest which is subject to substantive due process protection, and this Court has determined that "a liquor license does not rise to the level of a fundamental interest entitled to protection". *Golden Eagle Tavern, Inc.*, 2014 WL 881139 at *3. Accordingly, any such claim grounded upon Commonwealth Defendants' alleged violation of substantive due process is meritless and fails as a matter of law.

    3.    <u>Plaintiffs have Failed to State Facts Sufficient to Demonstrate Commonwealth Defendants Committed Civil Conspiracy under Section 1983</u>

Plaintiffs' Seventh cause of action pursuant to Section 1983 maintains Commonwealth Defendants and City Defendant engaged in a conspiracy to "deprive Plaintiffs of their constitutional rights by selective enforcement of local and state laws." (ECF No. 1 at ¶ 284.) Plaintiff's Seventh cause of action for civil conspiracy must be dismissed against Commonwealth Defendants because Plaintiffs have failed to allege facts with the requisite particularity establishing Commonwealth Defendants conspired with City Defendant to deprive Plaintiffs of their constitutional rights.

In order to state a cause of action for civil conspiracy under Section 1983, a plaintiff must allege facts establishing the following: (a) "the existence of a conspiracy involving state action", and (b) "a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy".  *Gale v. Storti*, 608 F.Supp.2d 629, 635 (E.D. Pa. 2009).  Speaking to the first element of the cause of action, to prove the existence of a conspiracy "plaintiff must plead that there was 'an agreement, understanding, or meeting of the minds to violate the plaintiff's rights.'"  *Miller v. Goggin*, 672 F. Supp. 3d 14, 53 (E.D. Pa. 2023) (quoting *Gale*, 608 F.Supp.2d at 635); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("A conspiracy is not parallel conduct by different parties; it must embody, at its heart, 'an agreement between the defendants and state officials[.]'").  A plaintiff "must plead more than legal conclusions of a conspiracy or agreement", and must "assert facts from which a conspiratorial agreement can be inferred".  *Mikhail*, 991 F. Supp. 3d at 645.  Furthermore, speaking to the second element of the cause of action, a plaintiff must sufficiently allege facts demonstrating the "predicate federal violation" to "anchor" the cause of action for conspiracy. *Miller*, 672 F. Supp. 3d at 53.

Plaintiffs' Seventh cause of action is subject to dismissal because Plaintiff has failed to allege facts demonstrating the two requisite elements of a claim for civil conspiracy under Section 1983.  With respect to the first element, Plaintiffs' operative Complaint fails to allege substantive facts establishing Commonwealth Defendants and City Defendant entered into an agreement to deprive Plaintiffs of their constitutional rights.  Plaintiffs' Complaint is limited to legal conclusions, and fails to allege any facts from which the Court may reasonably infer an expressed agreement was made between Commonwealth Defendants and City Defendant.  (ECF No. 1 at ¶ 284.)  To be sure, Plaintiffs' Complaint includes only **<u>one</u>** allegation concerning the

alleged "agreement" entered into between Commonwealth Defendants and City Defendant, and this allegation is wholly conclusory. (*Id.* ("The conspiracy, as it applied to Plaintiffs, was an expressed or implied agreement between the Defendants and others, whose exact identity is unknown to Plaintiffs, to deprive Plaintiffs of their constitutional rights by selective enforcement of local and state laws.")) Furthermore, Commonwealth Defendants have demonstrated in the preceding sections of this Memorandum that Plaintiffs have failed to allege facts establishing a "predicate federal violation" which "anchor[s]" Plaintiffs' claim for civil conspiracy. *Miller*, 672 F. Supp. 3d at 53. Commonwealth Defendants cannot be said to have conspired to deprive Plaintiffs of their Fourteenth Amendment rights because, as stated above, Commonwealth Defendants are immune from suit and, additionally, Plaintiffs have failed to state a claim for such constitutional violations. Accordingly, as Plaintiffs have failed to allege facts establishing the elements of a cause of action for civil conspiracy under Section 1983, Plaintiffs' Seventh cause of action must be dismissed against Commonwealth Defendants.

### C. **Plaintiff's Sixth Cause of Action, Advanced Pursuant to the Pennsylvania Constitution, is Subject to Dismissal Because Plaintiffs Have Failed to State a Claim Against Commonwealth Defendants**

Plaintiffs' Sixth cause of action is raised pursuant to Article I, Section 29 of the Pennsylvania Constitution. (ECF No. 1 at ¶¶ 277-281.) Article I, Section 29 of the Pennsylvania Constitution provides, "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the race or ethnicity of the individual." Pa. Const. art. I, sec. 29. Plaintiffs maintain Commonwealth Defendants have violated Article I, Section 29 of the Pennsylvania Constitution by targeting Plaintiffs' businesses on the basis of Plaintiffs' Asian- and Arab-American race, and selectively enforcing the provisions of the Liquor Code against Plaintiffs' businesses in an effort to revoke their respective liquor licenses and close

down their businesses.  (ECF No. 1 at ¶¶ 147-165, 176-178.)  Specifically, Plaintiffs' allege Commonwealth Defendants targeted Plaintiffs by issuing "temporary renewal letters" in response to Plaintiffs' applications to renew their liquor licenses.  (*Id.*)  The allegations supporting Plaintiffs' "selective enforcement" claim under the Pennsylvania Constitution are substantively identical to those allegations supporting Plaintiffs' "selective enforcement" claim under the equal protection clause of the Fourteenth Amendment of the United States Constitution.

Plaintiffs' "selective enforcement" claim under the Pennsylvania Constitution is analyzed pursuant to the same standard applicable to Plaintiffs' "selective enforcement" claim under the United States Constitution.  *Sargent v. School District of Philadelphia*, No. 22-cv-1509, 2022 WL 3155408 at *4 (E.D. Pa. Aug. 8, 2022).  It follows, the pleading requirements applicable to Plaintiffs' federal "selective enforcement" claim are similarly applicable to Plaintiffs' "selective enforcement" claim under the Pennsylvania Constitution.  Plaintiffs' Sixth cause of action is subject to dismissal because, as discussed in relation to Plaintiffs' federal "selective enforcement" cause of action, Plaintiffs' Complaint: (a) only includes the bare conclusion that "other businesses, owned by non-minorities" are treated differently than Plaintiffs, without specifically identifying these "other businesses" (ECF No. 1 at ¶¶ 234-236.), (b) fails to allege specific facts demonstrating how Plaintiffs' businesses are "similarly situated" to these "other businesses" (e.g., the "other businesses" have the same number of prior citations as Plaintiffs' businesses), and (c) fails to proffer specific occurrences explaining how Plaintiffs are treated differently than these "other businesses" (e.g., these "other businesses" were not issued "temporary renewal letters).  As noted, Plaintiffs' failure to specifically identify comparators who are similarly situated and treated differently than Plaintiffs renders Plaintiffs' "selective

enforcement" cause of action deficient and subject to dismissal. *Gillespie*, 574 F.Supp.3d at 287; *Wolff*, 752 F. Supp. 2d at 595; *Brobson*, 2000 WL 1738669 at \*5; *Richardson*, 2020 WL 5602526 at \*3.    Accordingly, for the foregoing reasons, Plaintiffs' Sixth cause of action advanced pursuant to the Pennsylvania Constitution is subject to dismissal for failure to state a claim.

## V.    CONCLUSION

Based on the foregoing, Commonwealth Defendants respectfully request that this Honorable Court grant the present Motion to Dismiss, and dismiss Plaintiffs' Complaint, with prejudice.

Respectfully submitted,

Dated:  January 6, 2025

MICHELLE A. HENRY
Attorney General

By: */s/ Sarin V. Keosian-Frounjian*

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney I.D. 329591

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128
Email:  skeosianfrounjian@attorneygeneral.gov

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants Commonwealth of Pennsylvania, Pennsylvania State Police Bureau of Liquor Control Enforcement and Pennsylvania Liquor Control Board*

## <u>CERTIFICATE OF SERVICE</u>

I, Sarin V. Keosian-Frounjian, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 6, 2025, I caused to be served a true and correct copy of the foregoing document titled, "Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint" and "Memorandum of Law in Support of Commonwealth Defendants' Motion to Dismiss Plaintiff's Complaint", to the following:

<u>VIA ECF</u>

Edward T. Kang, Esq.
Kyle Garabedian, Esq.
Kelly A Lavelle, Esq.
Kang Haggerty LLC
123 S. Broad Street, Suite 1950
Philadelphia, PA 19109
ekang@kanghaggerty.com
kgarabedian@kanghaggerty.com
klavelle@kanghaggerty.com
*Counsel for Plaintiffs*

<u>VIA ECF</u>

Michael Wu-Kung Pfautz, Esq.
Ryan Smith, Esq.
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
michael.pfautz@phila.gov
Ryan.Smith@phila.gov
*Counsel for Defendant City of Philadelphia*

*/s/ Sarin V. Keosian-Frounjian*
**SARIN V. KEOSIAN-FROUNJIAN**
**Deputy Attorney General**