**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASIAN-AMERICAN LICENSED | : | |
| BEVERAGE ASSOCIATION, et al., | : | |
| | : | No. 2:24-cv-06348 |
| Plaintiffs, | : | |
| v. | : | Judge Schmehl |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Electronically Filed Document |
| | : | *Complaint Filed 11/26/2024* |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2025, upon consideration of Plaintiffs' Motion for Preliminary Injunction, and Commonwealth Defendants' Opposition thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **DENIED**.

_____
**HONORABLE JEFFREY L. SCHMEHL**
**United States District Court Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASIAN-AMERICAN LICENSED BEVERAGE ASSOCIATION, et al., | : | |
| | : | No. 2:24-cv-06348 |
| Plaintiffs, | : | |
| v. | : | Judge Schmehl |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | Electronically Filed Document |
| | : | *Complaint Filed 11/26/2024* |
| Defendants. | : | |

<u>**COMMONWEALTH DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**</u>

Defendants Commonwealth of Pennsylvania, Pennsylvania State Police Bureau of Liquor Control Enforcement, and Pennsylvania Liquor Control Board (collectively, "Commonwealth Defendants"), by and through undersigned counsel, respectfully submit the present Opposition to Plaintiffs' Motion for Preliminary Injunction.

## I.    INTRODUCTION

Plaintiffs' Motion for Preliminary Injunction ("Motion") must be denied because Plaintiffs have failed to demonstrate a likelihood of succeeding upon the merits of the operative Complaint, and have failed to demonstrate a likelihood of suffering irreparable harm absent the award of a preliminary injunction.  Plaintiffs' Motion requests that this Court issue a preliminary injunction, in relevant part, staying all proceedings related to the renewal of Plaintiffs' liquor licenses and the "temporary licenses" issued to Plaintiffs pending resolution of this action.  (ECF No. 3 at 3.)  Plaintiffs' Motion, furthermore, requests that this Court issue a preliminary injunction enjoining Commonwealth Defendants from enforcing the Liquor Code against Plaintiffs' businesses, and denying the renewal of Plaintiffs' liquor licenses.  (*Id.* at 2-3.) Plaintiffs are not entitled to the requested preliminary injunction because Plaintiffs have failed to

demonstrate a likelihood of succeeding upon their causes of action under against Commonwealth Defendants, and furthermore, have failed to demonstrate that they will suffer irreparable harm absent issuance of the requested preliminary injunction.

## II.    PROCEDURAL BACKGROUND

The present civil action was commenced on November 26, 2024, when the following plaintiffs filed the operative Complaint against Commonwealth Defendants and the City of Philadelphia ("City Defendant"): Asian-American Licensed Beverage Association, Yo Deli, Inc., Best Beer, Inc., Sky Beer Deli, Inc., Maya Investment Group, LLC, 7701 Ogontz, Inc., CDD 725, Inc., and Arab American Business Association and Professional Association of the Delaware Valley's (collectively, "Plaintiffs").  (ECF No. 1.)  Plaintiffs' Complaint alleges the following causes of action against Commonwealth Defendants and City Defendant: (1) Violation of Due Process Clause of Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. section 1983 ("Section 1983") (against City Defendant only); (2) Violation of Article I, Section 1 of Pennsylvania Constitution (against City Defendant only); (3) Violation of First Amendment Right to Petition, pursuant to Section 1983 (against City Defendant only); (4) Violation of Article I, Section 20 of Pennsylvania Constitution (against City Defendant only); (5) Selective Enforcement in Violation of Equal Protection Clause of Fourteenth Amendment, pursuant to Section 1983 (against all Defendant); (6) Selective Enforcement in Violation of Article I, Section 26 of Pennsylvania Constitution (against all Defendants); and (7)Civil Conspiracy pursuant to Section 1983 (against all Defendants).  (*Id.*)

Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery (hereinafter, "Motion") on November 26, 2024.  (ECF No. 3.)  The Court held a hearing upon Plaintiffs' Motion on December 3, 2024, and denied Plaintiffs' request for a

temporary restraining order, granted Plaintiffs' request for expedited discovery, and scheduled a further hearing upon Plaintiffs' request for a preliminary injunction.  (ECF No. 14.)  The hearing upon Plaintiffs' request for a preliminary injunction is scheduled for March 19, 2025.  (*Id.*)

Subsequently, Plaintiffs, Commonwealth Defendants, and City Defendant entered into a stipulation agreeing that Defendants' responses to Plaintiffs' Complaint will be filed no later than January 6, 2025, and Defendants' responses to Plaintiffs' Motion will be filed no later than January 16, 2025.  (ECF No. 15.)  The Court granted the parties' joint stipulation, confirming the deadlines enumerated therein, on December 19, 2024.  (*Id.*)  Thereafter, and in compliance with the Court's Order, Commonwealth Defendants' filed a Motion to Dismiss Plaintiffs' Complaint on January 6, 2025.  (ECF No. 18.)  Now, Commonwealth Defendants respectfully submit an opposition in response to Plaintiffs' Motion in accordance with the deadlines stated within the Court's Order.  (ECF No. 15.)

## II.    FACTUAL BACKGROUND

The Pennsylvania Liquor Control Board ("PLCB") is an independent administrative agency created by the Pennsylvania Liquor Code ("Liquor Code"). 47 P.S. § 2-201.  The duties and responsibilities of the PLCB are defined by the provisions of the Liquor Code, and provide, in pertinent part, that the PLCB is statutorily responsible for the regulation of liquor sales in the Commonwealth of Pennsylvania, including, but not limited to, the issuance of liquor licenses. *Id.* § 2-207.  The Liquor Code, separately, created a Bureau of Liquor Control Enforcement ("BLCE") within the Pennsylvania State Police, which is expressly responsible for enforcing the provisions of the Liquor Code.  *Id.* § 2-211.  In relevant part, the Liquor Code confers upon the BLCE the responsibility of investigating whether licensees have violated the provisions of the

Liquor Code, and issuing citations when licensees have committed such violations.  *Id.* § 2-211(a)(4).

Plaintiffs maintain they are Asian-American and Arab-American business owners in the City of Philadelphia, who each have been issued a liquor license by the PLCB.  (ECF No. 1 at ¶¶ 28-33.)  Plaintiffs allege they have secured licenses from the PLCB categorized as "Restaurant Licenses" (R-Licenses), or "Eating Place Retail Licenses" (E-Licenses).  (*Id.* at ¶ 36.)    Those holding R-Licenses and E-Licenses are required to adhere to certain requirements enumerated in the Liquor Code as well as PLCB regulations.  As a form of exemplar, a nonexclusive list of requirements include the following: establishments holding a R-License and E-License must have seating for at least thirty (30) persons; must have sufficient food for at least thirty (30) persons; must have sufficient dishes and silverware to serve thirty (30) patrons at one time; must have a current and valid health permit;  establishments holding a R-License must be not less than four hundred (400) square feet; and establishments holding an E-License must be not less than three hundred (300) square feet.    47 P.S. § 1-102 (seating, food, and square footage requirements); 40 Pa. Code § 5.41 (health permit requirements).  As noted in the preceding paragraph, the BLCE is the law enforcement agency responsible for investigating whether the provisions of the Liquor Code have been violated, and may issue citations to licensees who have violated the provisions of the Code.  *Id.* § 2-211(a)(4).

Importantly, establishments holding R-Licenses and E-Licenses are required to file an application with the PLCB to renew their licenses every two years.  47 P.S. § 4-470(a.1).  Under the provisions of the Liquor Code, renewal of a liquor license is not automatic.  *Id.*    In considering whether or not to renew a liquor license, the PLCB is required to consider a variety of factors enumerated within the Liquor Code, including, but not limited to, whether a licensee

has been issued a citation for previous violations of the Liquor Code or PLCB regulations. *Id.* § 4-470(a.1)(2). The PLCB may consider all Code violations committed by a licensee in determining whether to renew a liquor license, regardless of when the violations occurred.

Plaintiffs' primary allegation contends Commonwealth Defendants PLCB and BLCE have targeted their businesses on the basis of Plaintiffs' Asian- or Arab-American race, and selectively enforced the provisions of the Liquor Code against such businesses in an effort to revoke their respective liquor licenses and close down their businesses. (ECF No. 1 at ¶¶ 141, 147-150, 270.) More specifically, Plaintiffs allege when they attempt to renew their liquor licenses with Commonwealth Defendant PLCB, rather than "simply issu[ing] a renewal", Commonwealth Defendant PLCB has instead "issued dozens of 'temporary renewal' letters" in response to Plaintiffs' applications. (*Id.* at ¶¶ 147-149, 151-155, 176-178.) The "temporary renewal letters" issued to Plaintiffs' provide that Commonwealth Defendant PLCB will hold a hearing on whether to renew the respective liquor licenses. (*Id.* at ¶¶ 151, 178, Exhibit B, D.) The "temporary renewal letters" specifically identify the citations issued to Plaintiffs, and further identify additional grounds warranting a hearing upon Plaintiffs' renewal applications. (*Id.*) Furthermore, the "temporary renewal letters" provide that Plaintiffs' liquor licenses will remain valid and Plaintiffs will be permitted to continue operating during the administrative hearing process. (*Id.*)

## III.    LEGAL STANDARD

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson– Merck Consumer Pharm. Co*., 290 F.3d 578, 586 (3d Cir.2002)). A plaintiff seeking a

preliminary injunctive must establish two "gateway factors". *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). First, the plaintiff must show that he or she "is likely to succeed on the merits". *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). In order to show a likelihood of succeeding on the merits of the case, the plaintiff must demonstrate that the chances of success are "significantly better than negligible but not necessarily more likely than not". *Reilly*, 858 F.3d at 179. Second, the plaintiff must show they are "more likely than not to suffer irreparable harm in the absence of preliminary relief." *Id.* If the plaintiff satisfies both "gateway" factors, the court then must consider two additional factors, "the possibility of harm to other interested persons from the grant or denial of the injunction" as well as "the public interest". *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974). In considering the four factors stated above, the court should determine "in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179. Importantly, the "failure to establish any element . . . renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit–Mar Enters., Inc*., 176 F.3d 151, 153 (3d Cir.1999). As a general matter, every order granting an injunction must state the reasons it was issued, state its terms specifically, and describe in reasonable detail any acts restrained. Fed. R. Civ. P. 65(d).

## IV.    ARGUMENT

Commonwealth Defendants urge this Court to deny Plaintiffs' Motion for Preliminary Injunction on the ground Plaintiffs have failed to satisfy the two "gateway factors" required for an award of a preliminary injunction. *Reilly*, 858 F.3d at 179. Specifically, Plaintiffs have failed to demonstrate a likelihood of success on the merits of their Complaint, and have failed to demonstrate a likelihood of suffering irreparable harm absent the award of a preliminary

injunction.  Commonwealth Defendants address Plaintiffs' failure to satisfy the two "gateway factors" in turn, below.

### A.    Plaintiffs Fail to Demonstrate a Likelihood of Succeeding on the Merits

Plaintiffs have failed to demonstrate a likelihood of succeeding on the merits of their Complaint against Commonwealth Defendants.  Plaintiffs' Complaint alleges three causes of action against Commonwealth Defendants.  (ECF No. 1 at 39-42.)  Plaintiffs have failed to demonstrate a likelihood of succeeding upon *any* of the causes of action advanced against Commonwealth Defendants for the following reasons.  First, and dispositive of Plaintiffs' Fifth and Seventh causes of action, Plaintiffs are unable to maintain their Fifth and Seventh causes of action against Commonwealth Defendants, which are brought under 42 U.S.C. section 1983 ("Section 1983"), because Commonwealth Defendants are immune from suit against such causes of action pursuant to the Eleventh Amendment of the United States Constitution.  Second, even where this Court concludes Commonwealth Defendants are not entitled to immunity, Plaintiffs remain unable to demonstrate a likelihood of success upon their Fifth and Seventh causes of action because Commonwealth Defendants are not "persons" as defined by Section 1983, and therefore, are not subject to suit under the statute.  Third, even where this Court concludes Eleventh Amendment immunity is inapplicable and Commonwealth Defendants are "persons" under Section 1983, Plaintiff still remain unable to demonstrate a likelihood of succeeding upon their Fifth and Seventh causes of action because Plaintiffs have not sufficiently established Commonwealth Defendants committed civil conspiracy, or a violation of the equal protection clause and due process clause of the Fourteenth Amendment of the United States Constitution.  Lastly, Plaintiffs have not shown a likelihood of success upon their Sixth cause of action, which is advanced pursuant to the Pennsylvania Constitution, because Plaintiffs have not sufficiently

established Commonwealth Defendants committed a violation of Article I, Section 29 of the Pennsylvania Constitution.

    1.    <u>Plaintiffs are Unable to Succeed upon Their Fifth and Seventh Causes of Action, Advanced Pursuant to Section 1983, Because Commonwealth Defendants are Immune from Suit Pursuant to the Eleventh Amendment</u>

Plaintiffs cannot, as a matter of law, demonstrate a likelihood of success upon their Fifth and Seventh causes of action, which are each advanced pursuant to Section 1983, Commonwealth Defendants are immune from suit against such causes of action pursuant to the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The United States Supreme Court has interpreted the Eleventh Amendment to render states immune from suit from private parties in federal court.  *Tennessee v. Lane*, 541 U.S. 509, 517 (2004).  Furthermore, it is "well established" that the immunity granted to states by the Eleventh Amendment is extended to "arms" of a state, including state agencies, departments, and officials.  *Karns v. Shanahan*, 879 F.3d 504, 512-13 (3d Cir. 2019) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007)); *see also Hans v. Louisiana*, 134 U.S. 1, 20 (1890); *see also C.H., ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir.2000).

The sovereign immunity conferred by the Eleventh Amendment is subject to three exceptions.  *MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001).  The first exception is congressional abrogation, which occurs when Congress unequivocally and expressly abrogates sovereign immunity and authorizes suits against states.

*Id.*; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996). The second exception occurs when a state waives immunity by consenting to suit. *Id.* A state's waiver to suit may be invoked by bringing suit in federal court, or by making a " 'clear declaration that [the state] intends to submit itself to [federal] jurisdiction.' " *Id.* at 504 (quoting *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999)). "The third exception to the Eleventh Amendment is the doctrine of *Ex Parte Young*, 2019 U.S. 123 (1908), under which individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing violations of federal law." *Id.* at 506.

Presently, Plaintiffs' Fifth and Seventh causes of action, which are advanced pursuant to Section 1983, are unequivocally barred by the immunity granted to Commonwealth Defendants by the Eleventh Amendment. First and foremost, Plaintiffs have brought suit against Commonwealth Defendants, which include the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board (previously abbreviated, "PLCB"), and the Pennsylvania State Police Bureau of Liquor Control Enforcement (previously abbreviated, "BLCE"). The Commonwealth of Pennsylvania, as a state, unquestionably enjoys the immunity granted by the Eleventh Amendment. *Urella v. Pennsylvania State Troopers Ass'n*, 628 F.Supp.2d 600, 605 (E.D. Pa. 2008). Additionally, the Pennsylvania Liquor Control Board and the Pennsylvania State Police Bureau of Liquor Control Enforcement have both been determined to be "arms" of the Commonwealth of Pennsylvania, and entitled to the sovereign immunity granted by the Eleventh Amendment. *Frein v. Pennsylvania State Police*, 47 F.4th 247, 257 (3d Cir. 2022) ("Pennsylvania State Police is an arm of the Commonwealth of Pennsylvania" and entitled to Eleventh Amendment immunity); *Patterson v. Pennsylvania Liquor Control Board*, 915 F.3d 945, 956 (3d Cir. 2019) ("We therefore conclude the PLCB is an arm of the state that is entitled

to Eleventh Amendment sovereign immunity."). Accordingly, as each of Commonwealth Defendants are either states or "arms" of the state which enjoy Eleventh Amendment immunity, Plaintiffs' Fifth and Seventh causes of action must be dismissed for absence of subject matter jurisdiction unless one of the three exceptions apply.

None of the exceptions to Eleventh Amendment immunity apply in the present case, thereby confirming Plaintiffs are unquestionably unable to proceed upon their Fifth and Seventh causes of action against Commonwealth Defendants. Initially, the first exception of congressional abrogation is inapplicable in this case because our Supreme Court has previously determined Congress did not abrogate a state's immunity under the Eleventh Amendment when enacting Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Additionally, the second exception of state waiver is not contemplated in this case because the Commonwealth of Pennsylvania has not waived immunity by bringing suit in federal court or by making a clear declaration that it intends to submit itself to federal jurisdiction. Indeed, the Commonwealth of Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court pursuant to the Eleventh Amendment. *See* 42 Pa. C.S. § 8521(b). Lastly, the third exception is similarly inapplicable in the present case because Plaintiffs have not brought suit against individual state officers. *MCI Telecommunication Corp.*, 271 F.3d at 506. Plaintiffs have only brought suit against the Commonwealth of Pennsylvania and two Commonwealth agencies, who are not subject to the exception enumerated in *Ex Parte Young*. Therefore, as none of the exceptions are applicable, Commonwealth Defendants are immune from Plaintiffs' Fifth and Seventh causes of action advanced under Section 1983, and Plaintiffs are clearly unable to succeed upon the same against Commonwealth Defendants.

//

2.      <u>Plaintiffs are Unable to Succeed upon Their Fifth and Seventh Causes of Action, Advanced Pursuant to Section 1983, Because Plaintiffs Have Failed Demonstrate Commonwealth Defendants Violated the Fourteenth Amendment of the United States Constitution</u>

Even where the Court concludes Commonwealth Defendants are not entitled to Eleventh Amendment immunity—which Commonwealth Defendants would dispute—Plaintiffs remain unable to demonstrate a likelihood of success upon the merits of their Fifth and Seventh causes of action.  Plaintiffs' Fifth and Seventh causes of action are each advanced pursuant to Section 1983.  Plaintiffs' Fifth cause of action maintains Commonwealth Defendants have violated the equal protection and due process clauses of Fourteenth Amendment of the United States Constitution by selectively enforcing the provisions of the Liquor Code against Plaintiffs.  (ECF No. 1 at ¶¶ 267-275.)  Plaintiffs' Seventh cause of action maintains Commonwealth Defendants have improperly conspired with City Defendant to deprive Plaintiffs of their rights under the Fourteenth Amendment.  (*Id.* at ¶¶ 283-286.)

Initially, Plaintiffs are unable to succeed upon their Fifth and Seventh causes of action under Section 1983 because Commonwealth Defendants are not "persons" as defined by Section 1983, and therefore, are not subject to suit under the statute.  Furthermore, Plaintiffs have not demonstrated a likelihood of success upon their Fifth cause of action because Plaintiffs have not sufficiently established that Commonwealth Defendants violated the equal protection and due process clauses of the Fourteenth Amendment.  Lastly, Plaintiffs have not demonstrated a likelihood of success upon their Seventh cause of action because Plaintiffs have failed to demonstrate Commonwealth Defendants entered into an agreement with City Defendant to deprive Plaintiffs of their constitutional rights under the Fourteenth Amendment.

//

### a.  *Commonwealth Defendants are not "Persons" as Defined by Section 1983*

Plaintiff cannot maintain a claim under Section 1983 against Commonwealth Defendants because Commonwealth Defendants are not "persons" subject to suit under Section 1983.

Section 1983 allows an individual to bring an action against a "person" who, acting under the color of state law, has deprived the individual of their constitutional rights.  42 U.S.C. § 1983.  In order to maintain an action advanced under Section 1983, the plaintiff is required to demonstrate that the defendant sued is a "person" as defined by Section 1983.  Whether a defendant is a "person" under Section 1983 involves an inquiry which is similar, but distinct, from that employed within an Eleventh Amendment immunity analysis.  *Kaul v. Christie*, 372 F.Supp.2d 206, 244 (D.N.J. 2019).  The United States Supreme Court, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (*Will*), determined that neither a state nor state agencies nor state official acting in their official capacities are "persons" under Section 1983."  *Will*, 491 U.S. at 70-71 (holding, neither "states [n]or governmental entities that are considered 'arms of the State'" nor "officials acting in [their] official capacity" are "persons" under Section 1983).  Following the Supreme Court's determination in *Will*, courts have routinely dismissed Section 1983 lawsuits advanced against states, state agencies, and state officials.  *Machon v. Pennsylvania Dept. of Public Welfare*, 847 F.Supp.2d 734, 744-45 (E.D. Pa. 2012); *Sutton v. City of Philadelphia*, 21 F.Supp.3d 474, 485 (E.D. Pa. 2014); *Bey v. Pennsylvania Dept. of Corrections*, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000).

Plaintiffs' Fifth and Seventh causes of action under Section 1983 are each advanced against Commonwealth Defendants, which include the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board, and the Pennsylvania State Police Bureau of Liquor Control Enforcement.  Commonwealth Defendants are made up of either a state (Commonwealth of

Pennsylvania) or state agencies which qualify as "arms of the State" (Pennsylvania Liquor Control Board and the Pennsylvania State Police Bureau of Liquor Control Enforcement). *Frein*, 47 F.4th at 257; *Patterson*, 915 F.3d at 956. Accordingly, in light of the Supreme Court's holding in *Will*, Commonwealth Defendants are not "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 70-71. Accordingly, as a matter of law, Plaintiffs are unable to demonstrate a likelihood of success against Commonwealth Defendants with respect to their Fifth and Seventh causes of action under Section 1983.

>    **b.    *Plaintiffs have Failed to Sufficiently Demonstrate Commonwealth Defendants Violated the Fourteenth Amendment of the United States Constitution***

Even where this Court concludes Commonwealth Defendants are "persons" under Section 1983, Plaintiffs remain unable to demonstrate a likelihood of success upon their Fifth cause of action because Plaintiffs have failed to sufficiently demonstrate Commonwealth Defendants have violated the Fourteenth Amendment. Plaintiffs' Fifth cause of action maintains Commonwealth Defendants have violated the equal protection and due process clauses of the Fourteenth Amendment by selectively enforcing the provisions of the Liquor Code against Plaintiffs, who are of Asian- or Arab-American descent. (ECF No. 1 at ¶¶ 7, 48, 229.) Specifically, Plaintiffs maintain Commonwealth Defendants have targeted Plaintiffs by issuing "temporary renewal letters" in response to Plaintiffs' applications to renew their liquor licenses. (*Id.* at ¶¶ 147-165, 176-178.) Plaintiffs are unable to demonstrate a likelihood of success upon their Fifth cause of action because Plaintiffs have failed to demonstrate Commonwealth Defendants have violated the equal protection, procedural due process, or substantive due process clauses of the Fourteenth Amendment by issuing the aforementioned "temporary renewal letters".

> i.    *Plaintiff Has Failed to Sufficiently Demonstrate a Claim of "Selective Enforcement" under the Equal Protection Clause of the Fourteenth Amendment*

The United States Supreme Court has determined the equal protection clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." *Whren v. U.S.*, 517 U.S. 806, 813 (1996); *see also PG Publ'g Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013). In order to establish a selective enforcement claim under the Fourteenth Amendment, a plaintiff must demonstrate the following elements: (a) "he was treated differently from other similarly situated individuals," and (b) "the selective treatment 'was based on an unjustifiable standard such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of some fundamental right.' " *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). "A plaintiff must do more than merely allege facts that illustrate unequal application of a law or practice; he or she must also allege the existence of an 'intentional or discriminatory purpose' motivating the unequal application." *Gillespie v. Pennsylvania State Police*, 574 F.Supp.3d 272, 287 (E.D. Pa. 2021) (citing *PG Publ'g Co.*, 705 F.3d at 115); *see Karns v. Shanahan*, 879 F.3d 504, 520-21 (3d Cir. 2018).

"A person is 'similarly situated' when he or she is 'alike in all relevant aspects' to another person or entity." *Gillespie*, 574 F.Supp.3d at 287 (citing *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). In order to satisfy the first element of a selective enforcement cause of action, "a plaintiff must do more than merely allege he or she was 'similarly situated' to an individual or group treated differently. *Id.* (citing *PG Publ'g Co.*, 705 F.3d at 115). "A plaintiff must allege specific facts, circumstances, or occurrences showing he or she was similarly situated to another specified person or entity *and* illustrate the alleged differential treatment that occurred." *Id.*

(emphasis added); *see Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008). Where a plaintiff fails to identify an individual or entity with whom he was similarly situated and treated differently, or where a plaintiff fails to allege with sufficient specificity the specific instances where he was treated differently from others similarly situated, courts have determined plaintiff has failed to state a claim for selective enforcement under the Fourteenth Amendment. *Id.* at 287 (dismissing selective enforcement claim because "no comparators are identified" in the complaint); *Prof'l Dog Breeders Advisory Council, Inc. v. Wolff*, 752 F. Supp. 2d 575, 595 (E.D. Pa. 2010) (internal citation omitted) (holding that "plaintiff must name someone who was similarly situated but treated differently."); *Brobson v. Borough of New Hope*, No. 00–0003, 2000 WL 1738669 at *5 (E.D. Pa. Nov. 22, 2000) (dismissing selective enforcement claim because "plaintiff in the instant case failed to name anyone who was similarly situated but treated differently"); *Richardson v. Didok*, No. 19-5072, 2020 WL 5602526 at *3 (E.D. Pa. Sept. 17, 2020) (dismissing selective enforcement claim because plaintiff "baldly alleges" he was similarly situated and failed to identify "any specific individuals or groups of people who might serve as comparators").

In the present case, Plaintiffs have failed to demonstrate a likelihood of success upon their Fifth cause of action for "selective enforcement" under the Fourteenth Amendment. Plaintiffs represent within their operative Complaint that Commonwealth Defendants have targeted their businesses in an effort to revoke their liquor licenses and force the closure of their businesses. (ECF No. 1 at ¶ 147.) Plaintiffs allege that, in an effort to target Plaintiffs' businesses, Commonwealth Defendant PLCB has issued "temporary renewal letters" in response to Plaintiffs' license renewal applications, informing Plaintiffs a hearing will be required to

determine whether their licenses will be renewed.  (*Id.* at ¶¶ 147-165, 176-178.)  Plaintiffs have failed to establish a likelihood of success on the merits of such a claim for a variety of reasons.

Initially, Plaintiffs have failed to produce evidence establishing the first element of a claim for "selective enforcement", that is, Plaintiffs were treated differently to other "similarly situated" individuals.  Plaintiffs have not identified any particular licensees who are similarly situated to Plaintiffs, and did not receive a "temporary renewal letter" in response to their license renewal application.   Plaintiffs' Complaint only includes the bald, general assertion that "other businesses, owned by non-minorities or controlled by larger corporate interests, are treated differently" than Plaintiffs.  (ECF No. 1 at ¶¶ 234-236.)  Without Plaintiffs identification of individuals or groups of individuals who are similarly situated and treated differently than Plaintiffs, Plaintiffs' "selective enforcement" claim cannot succeed.  *Gillespie*, 574 F.Supp.3d at 287; *Wolff*, 752 F. Supp. 2d at 595; *Brobson*, 2000 WL 1738669 at *5; *Richardson*, 2020 WL 5602526 at *3.

Secondly, Plaintiffs have failed to proffer evidence establishing that any arguable "selective enforcement" by Commonwealth Defendants was motivated by a discriminatory purpose.  *Karns*, 879 F.3d at 520-21 ("Hence, to maintain a selective enforcement claim, a plaintiff must provide evidence of discriminatory purpose, not mere unequal treatment or adverse effect.  A federal constitutional violation does not exist merely because of the exercise of some selectivity in enforcement.").   In the event any evidence is produced demonstrating some selectivity in enforcement against Plaintiff, such is not a product of impermissible discriminatory purpose.  Based on the foregoing, Commonwealth Defendants contend Plaintiffs are unable to demonstrate a likelihood of success on their Fifth cause of action for "selective enforcement".

ii.    *Plaintiff Has Failed to Sufficiently Demonstrate Commonwealth Defendants Committed a Violation of Procedural Due Process under the Fourteenth Amendment*

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  In order to state a cause of action for the violation of procedural due process under the Fourteenth Amendment in the context of Section 1983, a plaintiff must demonstrate the following: (a) defendants acted under color of state law in depriving plaintiff a protected property interest; and (b) the state and local procedures for challenging the deprivation do not satisfy the requirements for procedural due process.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006).

Plaintiffs are unable to maintain their Fifth cause of action because Plaintiffs cannot demonstrate Commonwealth Defendants have violated the procedural due process afforded by the Fourteenth Amendment.  Plaintiffs maintain that, by issuing the aforementioned "temporary renewal letters" and requiring Plaintiffs to undergo a hearing to determine whether renewal of their respective liquor licenses will be awarded, Commonwealth Defendants have "threaten[ed] to permanently close [Plaintiffs'] established businesses arbitrarily and without adequate due process".  (ECF No. 1 at ¶ 229.)  However, as a matter of law, Plaintiffs are unable to maintain a claim for procedural due process based upon the threatened revocation of their liquor licenses because a liquor license is not considered property in the Commonwealth of Pennsylvania. *Golden Eagle Tavern, Inc. v. City of Lancaster*, No. 13–1426, 2014 WL 881139 at *2-3 (E.D. Pa. Mar. 6, 2014) (Schmell, J.).  Rather, a liquor license is a "privilege" between Commonwealth Defendant PLCB and the respective licensee.  47 P.S. § 4–468(d); *see 770 Ameribeer, Inc. v. Pennsylvania Liquor Control Board*, 218 A.3d 998, 1005 (Pa. Cmwlth. 2024) ("A liquor license

is a privilege granted by the state . . . .").  Considering the foregoing, it has been determined by this Court that a licensee does not have a protected property interest in a liquor license obtained from Commonwealth Defendant PLCB.  *Golden Eagle Tavern, Inc.*, 2014 WL 881139 at *2-3. Accordingly, Plaintiffs are unable to demonstrate Commonwealth Defendants' alleged conduct violated the procedural due process afforded by the Fourteenth Amendment because Plaintiffs never had a protected property interest in the liquor licenses issued by Commonwealth Defendants PLCB.  *Id.*

Furthermore, even where a liquor license was considered "property" in the Commonwealth, Plaintiffs have failed to allege facts establishing there has been a deprivation of, or revocation of, Plaintiffs' liquor licenses.  Instead, all Plaintiffs have alleged is that a hearing will be held before a hearing examiner to determine whether Plaintiffs' licenses will be renewed. (ECF No. 1 at ¶¶ 151, 178, Exhibit B, D.)  Plaintiffs' licenses have not been revoked, and Plaintiffs are permitted to operate during the administrative hearing process.  (*Id.*)  In summary, Plaintiffs have wholly failed to demonstrate Commonwealth Defendants have violated the protections afforded by the procedural due process clause of the Fourteenth Amendment because Plaintiffs have failed to allege any deprivation of a protected property interest as a result of Commonwealth Defendants' conduct or actions.

      iii.    *Plaintiffs Have Failed to Sufficiently Demonstrate Commonwealth Defendants Committed a Violation of Substantive Due Process under the Fourteenth Amendment*

Substantive due process protections under the Fourteenth Amendment are "distinguishe[d] between legislative acts and non-legislative or executive acts".  *Golden Eagle Tavern, Inc.*, 2014 WL 881139 at *3 n.2.  An administrative agency's decisions concerning a liquor license are considered non-legislative acts.  *Id.*  "When a plaintiff challenges non-

legislative state action, courts must look to whether the property interest being deprived is 'fundamental' under the Constitution." *Id.*; *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 140 (3d Cir. 2000). Where the property interest being deprived is "fundamental", substantive due process protections under the United States Constitution require that the government refrain from "arbitrary or irrational deprivation, regardless of the adequacy of procedure used." *Id.* However, where the interest is not "fundamental", the government's alleged deprivation "is entirely outside the ambit of substantive due process and will be upheld so long as the state satisfied the requirements of procedural due process." *Id.* "To date, the Third Circuit has limited non-legislative substantive due process review to cases involving real property ownership." ". *Id* at *3 (citing *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 598 (3d Cir.1995)).

In the present case, to the extent Plaintiffs maintain Commonwealth Defendants have violated substantive due process protections afforded by the Fourteenth Amendment through their alleged issuance of "temporary renewal letters", such an allegation fails as a matter of law. The Third Circuit has not recognized that a liquor license is a "fundamental" property interest which is subject to substantive due process protection, and this Court has determined that "a liquor license does not rise to the level of a fundamental interest entitled to protection". *Golden Eagle Tavern, Inc.*, 2014 WL 881139 at *3. Accordingly, any such claim grounded upon Commonwealth Defendants' alleged violation of substantive due process is meritless and fails as a matter of law.

//

//

    *c.  Plaintiffs  have  Failed  to  Sufficiently  Demonstrate Commonwealth Defendants Committed Civil Conspiracy under Section 1983*

Plaintiffs' Seventh cause of action pursuant to Section 1983 maintains Commonwealth Defendants and City Defendant engaged in a conspiracy to "deprive Plaintiffs of their constitutional rights by selective enforcement of local and state laws." (ECF No. 1 at ¶ 284.) Plaintiffs are unable to demonstrate a likelihood of success upon their Seventh cause of action for civil conspiracy because Plaintiffs have failed to demonstrate Commonwealth Defendants conspired with City Defendant to deprive Plaintiffs of their constitutional rights.

In order to state a cause of action for civil conspiracy under Section 1983, a plaintiff must allege facts establishing the following: (a) "the existence of a conspiracy involving state action", and (b) "a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy". *Gale v. Storti*, 608 F.Supp.2d 629, 635 (E.D. Pa. 2009). Speaking to the first element of the cause of action, to prove the existence of a conspiracy "plaintiff must plead that there was 'an agreement, understanding, or meeting of the minds to violate the plaintiff's rights.'" *Miller v. Goggin*, 672 F. Supp. 3d 14, 53 (E.D. Pa. 2023) (quoting *Gale*, 608 F.Supp.2d at 635); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("A conspiracy is not parallel conduct by different parties; it must embody, at its heart, 'an agreement between the defendants and state officials[.]"). A plaintiff "must plead more than legal conclusions of a conspiracy or agreement", and must "assert facts from which a conspiratorial agreement can be inferred". *Mikhail*, 991 F. Supp. 3d at 645. Furthermore, speaking to the second element of the cause of action, a plaintiff must sufficiently allege facts demonstrating the "predicate federal violation" to "anchor" the cause of action for conspiracy. *Miller*, 672 F. Supp. 3d at 53.

Plaintiffs have not demonstrated a likelihood of success upon their Seventh cause of action because Plaintiffs are unable to satisfy the two requisite elements of a claim for civil conspiracy under Section 1983.  With respect to the first element, Plaintiffs' operative Complaint fails to allege substantive facts establishing Commonwealth Defendants and City Defendant entered into an agreement to deprive Plaintiffs of their constitutional rights.   Plaintiffs' Complaint is limited to legal conclusions, and fails to allege any facts from which the Court may reasonably infer an expressed agreement was made between Commonwealth Defendants and City Defendant.  (ECF No. 1 at ¶ 284.)  To be sure, Plaintiffs' Complaint includes only **one** allegation concerning the alleged "agreement" entered into between Commonwealth Defendants and City Defendant, and this allegation is wholly conclusory.  (*Id.* ("The conspiracy, as it applied to Plaintiffs, was an expressed or implied agreement between the Defendants and others, whose exact identity is unknown to Plaintiffs, to deprive Plaintiffs of their constitutional rights by selective enforcement of local and state laws."))   Furthermore, Commonwealth Defendants have demonstrated in the preceding sections of this Memorandum that Plaintiffs cannot establish a "predicate federal violation" which "anchor[s]" Plaintiffs' claim for civil conspiracy.   *Miller*, 672 F. Supp. 3d at 53.  Commonwealth Defendants cannot be said to have conspired to deprive Plaintiffs of their Fourteenth Amendment rights because, as stated above, Commonwealth Defendants are immune from suit and, additionally, Plaintiffs have failed to establish a claim for such constitutional violations under Section 1983.   Accordingly, based on the foregoing, Plaintiffs have not demonstrated a likelihood of success upon their Seventh cause of action.

//

//

//

22

3.      <u>Plaintiffs are Unable to Maintain Their Sixth Cause of Action, Advanced Pursuant to the Pennsylvania Constitution, Because Plaintiffs Have Failed to Sufficiently Establish Commonwealth Defendants Committed a Violation of Article I, Section 29</u>

Plaintiffs' Sixth cause of action is raised pursuant to Article I, Section 29 of the Pennsylvania Constitution.  (ECF No. 1 at ¶¶ 277-281.)  Article I, Section 29 of the Pennsylvania Constitution provides, "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the race or ethnicity of the individual."  Pa. Const. art. I, sec. 29.  Plaintiffs maintain Commonwealth Defendants have violated Article I, Section 29 of the Pennsylvania Constitution by targeting Plaintiffs' businesses on the basis of Plaintiffs' Asian- and Arab-American race, and selectively enforcing the provisions of the Liquor Code against Plaintiffs' businesses in an effort to revoke their respective liquor licenses and close down their businesses.  (ECF No. 1 at ¶¶ 147-165, 176-178.)  Specifically, Plaintiffs' allege Commonwealth Defendants targeted Plaintiffs by issuing "temporary renewal letters" in response to Plaintiffs' applications to renew their liquor licenses.  (*Id.*)  The allegations supporting Plaintiffs' "selective enforcement" claim under the Pennsylvania Constitution are substantively identical to those allegations supporting Plaintiffs' "selective enforcement" claim under the equal protection clause of the Fourteenth Amendment of the United States Constitution.

Plaintiffs' "selective enforcement" claim under the Pennsylvania Constitution is analyzed pursuant to the same standard applicable to Plaintiffs' "selective enforcement" claim under the United States Constitution.  *Sargent v. School District of Philadelphia*, No. 22-cv-1509, 2022 WL 3155408 at *4 (E.D. Pa. Aug. 8, 2022).  Accordingly, as Commonwealth Defendants have demonstrated above, because Plaintiffs' have failed to sufficiently establish their "selective enforcement" claim under the Fourteenth Amendment, Plaintiffs' "selective enforcement" claim

under the Pennsylvania Constitution is subject to the same conclusion.  Plaintiffs' Sixth cause of action is subject to dismissal because, as discussed in relation to Plaintiffs' federal "selective enforcement" cause of action, Plaintiffs' Complaint: (a) only includes the bare conclusion that "other businesses, owned by non-minorities" are treated differently than Plaintiffs, without specifically identifying these "other businesses" (ECF No. 1 at ¶¶ 234-236.), (b) fails to allege specific facts demonstrating how Plaintiffs' businesses are "similarly situated" to these "other businesses" (e.g., the "other businesses" have the same number of prior citations as Plaintiffs' businesses), and (c) fails to proffer specific occurrences explaining how Plaintiffs are treated differently than these "other businesses" (e.g., these "other businesses" were not issued "temporary renewal letters"); and (d) fails to demonstrate that any arguable "selective enforcement" was motivated by Commonwealth Defendants' discriminatory motive.  As noted, Plaintiffs' failure to specifically identify comparators who are similarly situated and treated differently than Plaintiffs renders Plaintiffs' "selective enforcement" cause of action wholly deficient and unmeritorious.  *Gillespie*, 574 F.Supp.3d at 287; *Wolff*, 752 F. Supp. 2d at 595; *Brobson*, 2000 WL 1738669 at *5; *Richardson*, 2020 WL 5602526 at *3.  Accordingly, for the foregoing reasons, Plaintiffs have failed to establish a likelihood of success upon their Sixth cause of action advanced pursuant to the Pennsylvania Constitution.

> **B.**      **Plaintiffs Fail to Demonstrate a Likelihood of Suffering Irreparable Harm Absent a Preliminary Injunction**

In addition to Plaintiffs' inability to demonstrate the first "gateway factor" necessary for an award of a preliminary injunction, Plaintiffs similarly are unable to establish the second "gateway factor" necessary to award the requested relief.

"[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy *following a trial*."  *Rosario v. Wetzel,* No.

2:23-cv-966, 2024 WL 1677489, *3 (W.D. Pa. April 18, 2024) (emphasis added) (citing *Siemens USA Holdings Inc v. Geisenberger*, 17 F.4th 393, 408 (3d Cir. 2021)). Plaintiff must "produce affirmative evidence indicating that he or she will be irreparably harmed should that relief be denied," *Id.* (citing *Marxe v. Jackson*, 833 F.2d 1121, 1127 (3d Cir. 1987)), and the threatened harm "must not be speculative." *Id.* (citing *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487–88 & n.13 (3d Cir. 2000)). Furthermore, "[m]ore than a risk of irreparable harm must be demonstrated." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with tour characterization of injuncti8ve relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008). Importantly, where a plaintiff's request for injunctive relief requests "largely the same . . . relief sought in his initial complaint", the granting of injunctive relief would be inappropriate and would, "in effect, fail to 'preserve the relative positions of the parties' until the merits of the case are considered and would instead amount to a 'final judgment on the merits.' " *Rosario*, No. 2:23-cv-966, 2024 WL 1677489, *3 (quoting *Martinez v. Rivello*, No. 22-2518, 2023 WL 3376545, ay *2 (3d Cir. May 11, 2023)).

Plaintiffs have failed to demonstrate they will suffer irreparable harm. In the pending Motion for Preliminary Injunction, Plaintiffs advance a single argument with respect to the irreparable harm they will suffer in the event Commonwealth Defendants are permitted to continue their "selective enforcement". (ECF No. 3 at 44-45.) Plaintiffs contend that, in the event the requested preliminary injunction is not granted, Commonwealth Defendants will continue to issue "temporary renewal letters" to Plaintiffs, and Plaintiffs will "*risk* permanent closure as they cannot operate without a liquor license." (*Id.* at 45 [emphasis added].) Plaintiffs'

argument is unavailing. Plaintiffs appear to equate issuance with a "temporary renewal letter" with automatic revocation of a liquor license. This is absolutely not the case, and such an argument is clearly refuted from a plain reading of the "temporary renewal letter[s]" issued to two of the Plaintiffs. (ECF No. 3 at Exhibits B, D.) The "temporary renewal letters" provide, following a preliminary review of two of Plaintiffs' liquor license renewal applications, a hearing will be held in order to determine whether or not Plaintiffs' liquor license will be renewed. (*Id.*) The "temporary renewal letters" additionally provide that the two Plaintiffs are permitted to operate during the administrative hearing process. (*Id.*) Only after the abovementioned hearing, which takes place before a neutral administrative law judge, and where licensees such as the two Plaintiffs may present testimony and evidence, may a licensee's liquor license be subject to non-renewal. Plaintiffs' proffered evidence merely demonstrates a "*risk*" of potential non-renewal of the two Plaintiffs' liquor licenses, which is not sufficient to satisfy the second "gateway factor" required for the award of a preliminary injunction. *Acierno*, 40 F.3d at 653; *Winter*, 555 U.S. at 22.

Moreover, even where this Court determines Plaintiffs' showing of a mere "*risk*" of irreparable harm is sufficient for the purposes of an award of a preliminary injunction, the harm described is not sufficiently "imminent". *Cont'l Grp., Inc. v. Amoco Chems. Corp*., 614 F.2d 351, 359 (3d Cir. 1980) ("The requisite for injunctive relief has been characterized as a clear showing of immediate irreparable injury or a presently existing actual threat.") Plaintiffs have not proffered evidence demonstrating a hearing upon the abovementioned license renewal applications are scheduled to occur in the near future. Additionally, Commonwealth Defendants' records merely reflect that a hearing has been scheduled with respect to one of the two named Plaintiffs' mentioned in the previous paragraph (Best Beer, Inc.), to commence on May 20,

2025[1].  While Commonwealth Defendants contend that the scheduling of such a hearing only demonstrates a "*risk*" of irreparable harm, Plaintiffs have, nonetheless, failed to demonstrate that hearings upon Plaintiffs' license renewal applications are imminent and upcoming.

Furthermore, Plaintiffs have failed to establish irreparable harm for all of named-Plaintiffs in this action.  Plaintiffs include six individually named licensees, as well as 110 members of the Asian-American Licensed Beverage Association and Arab American Business Association and Professional Association of the Delaware Valley[2].  (ECF No. 1 at ¶¶ 12-.)  Plaintiffs have only specified that two out of the hundreds of Plaintiffs have been issued "temporary renewal letters".  Plaintiffs have failed to demonstrate that each Plaintiff is subject to irreparable harm as a result of the alleged actions of Commonwealth Defendants, which is fatal to the present Motion for Preliminary Injunction. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (holding, the lower court erred in granting plaintiffs' motion for preliminary injunction because "there was insufficient evidence from which the District Court could infer that *all the plaintiffs-retirees and their spouses*" would suffer irreparable harm).

Lastly, the relief requested within Plaintiffs' present Motion for Preliminary Injunction is "largely the same" as the relief requested in Plaintiffs' operative Complaint.  (*Compare* ECF No. 1 at 42-43 *and* ECF No. 3 at 2-3.); *Rosario*, No. 2:23-cv-966, 2024 WL 1677489, *3.  Accordingly, the granting of Plaintiffs' requested injunctive relief would be inappropriate and would, "in effect, fail to 'preserve the relative positions of the parties' until the merits of the case are considered and would instead amount to a 'final judgment on the merits.' "  *Id.*  Based on the

---

[1]     The dates and participants of licensing hearings are public information, and available on the website of Commonwealth Defendant PLCB: https://www.pa.gov/agencies/lcb/licensing/virtual-licensing-hearings.html.

[2]     Plaintiffs' Complaint does not specify the individual members of the Asian-American Licensed Beverage Association, and does not specify how many members make up the Arab American Business Association and Processional Association of the Delaware Valley.

foregoing, Plaintiffs have failed to sufficiently satisfy the second "gateway factor" necessary for an award of a preliminary injunction, and therefore, the present Motion must be denied.

## V.    CONCLUSION

Based on the foregoing, Commonwealth Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted,

Dated:  January 16, 2025

MICHELLE A. HENRY
Attorney General

By: */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128
Email:  skeosianfrounjian@attorneygeneral.gov

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney I.D. 329591

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants Commonwealth of Pennsylvania, Pennsylvania State Police Bureau of Liquor Control Enforcement and Pennsylvania Liquor Control Board*

<u>**CERTIFICATE OF SERVICE**</u>

I, Sarin V. Keosian-Frounjian, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 16, 2025, I caused to be served a true and correct copy of the foregoing document titled, "Commonwealth Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction", to the following:

<u>**VIA ECF**</u>

Edward T. Kang, Esq.
Kyle Garabedian, Esq.
Kelly A Lavelle, Esq.
Kang Haggerty LLC
123 S. Broad Street, Suite 1950
Philadelphia, PA 19109
ekang@kanghaggerty.com
kgarabedian@kanghaggerty.com
klavelle@kanghaggerty.com
*Counsel for Plaintiffs*

<u>**VIA ECF**</u>

Michael Wu-Kung Pfautz, Esq.
Ryan Smith, Esq.
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
michael.pfautz@phila.gov
Ryan.Smith@phila.gov
*Counsel for Defendant City of
Philadelphia*


*/s/ Sarin V. Keosian-Frounjian*
**SARIN V. KEOSIAN-FROUNJIAN**
**Deputy Attorney General**